65 F.3d 175
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mahmood HARATI, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70875.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 10, 1995.*
Decided Aug. 24, 1995.
 
 Before: GIBSON,** HUG and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Mahmood Harati appeals the Board of Immigration Appeals' ("BIA's") final order of deportation. Harati contends that the BIA erred in: (i) affirming the immigration judge's ("IJ's") finding that Harati was not a credible witness; (ii) taking administrative notice of the U.S. State Department's Country Reports for a purpose other than that to which Harati agreed; and (iii) denying Harati asylum and withholding of deportation. We affirm.
 
 
 3
 Mahmood Harati contends that the discrepancies between his testimony and his application for asylum are too minor to bear upon his credibility and that the discrepancies exist only because Harati's testimony has been misconstrued. Yet, Harati admits to lying to obtain a student visa to gain entry to the United States. The record as whole demonstrates that Harati's testimony contradicted his asylum application and provides "reasonable, substantial, and probative evidence" that Harati was not a credible witness. 8 U.S.C. Sec. 1105a(a)(4); Hartooni v. INS, 21 F.3d 336, 340 (9th Cir.1994). The BIA did not err in its finding that Harati was not credible.
 
 
 4
 Harati also asserts that the BIA erred in affirming the IJ's decision to take administrative notice of the State Department's Country Reports. Administrative agencies may take administrative notice of facts not in evidence. Castillo-Villagra v. INS, 972 F.2d 1017, 1026 (9th Cir.1992). The critical inquiry is not whether the agency took notice of facts not in evidence, but whether or not Harati was given an opportunity to respond to the information of which the BIA took notice. Id. at 1029.
 
 
 5
 Harati had the opportunity to challenge the characterization of the Mujahedin movement contained in the Country Reports. The BIA's decision demonstrates that administrative notice was not "blindly applied to automatically deny" his asylum application. Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). The BIA did not abuse its discretion in taking administrative notice of the Country Reports.
 
 
 6
 Finally, Harati contends that the BIA erred in denying him asylum and withholding of deportation. Reversing the BIA's asylum decision is warranted only where the "evidence presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992). Harati bases his claim to asylum on the five arrests he suffered while in Iran. As the BIA noted, however, three of the five were unrelated to Harati's political opinion. The causal relationship between Harati's political opinion and his last arrest involves a tenuous link at best. The record supports that a reasonable factfinder could conclude that Harati does not have a "well-founded" fear of persecution. Id. The BIA did not err in finding that Harati was ineligible for asylum or withholding of deportation. We AFFIRM.
 
 HUG, Circuit Judge, Dissenting:
 
 7
 I respectfully dissent. I conclude the evidence of his two-month imprisonment, constant torture and severe beatings to be evidence that is "so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992). The minor inconsistencies in the evidence the petitioner presented were satisfactorily and easily explained, and do not provide a basis for disbelieving the persecution he suffered in Iran.
 
 
 
 *
 This case is appropriate for submission on the briefs and without oral argument per Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 Honorable Floyd R. Gibson, United States Circuit Judge for the United States Court of Appeals for the Eighth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3